UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| MARK SMITH; LEE COLEMAN; ERIC WHEELER; and WILLIE DANNER, )<br><br>Plaintiffs, )<br><br>vs. )<br><br>FAMILY DOLLAR STORES, INC.; METROGROUP DEVELOPMENT; FORESITE GROUP, INC.; ET AL., )<br><br>Defendants. ) | CASE NO. 7:14-cv-161-SLB |

## MEMORANDUM OPINION

This cause is before the court on plaintiffs Mark Smith, Lee Coleman, Eric Wheeler, and Willie Danner's (collectively "plaintiffs") Motion to Remand. (Doc. 5).[1] Upon review of the record, the submissions of the parties, argument of counsel, and the relevant law, the court finds that plaintiffs' motion is due to be denied.

### I. Background

Plaintiffs filed this action against defendants Family Dollar Stores, Inc., ("Family Dollar"), MetroGroup Development ("MetroGroup"), and Foresite Group, Inc. ("Foresite") (collectively "defendants") in the Circuit Court for Sumter County, Alabama. In February 2012, defendants began construction of a Family Dollar store in Sumter County. (Doc. 1-1, ¶ 11). During construction defendants developed and implemented a moat as a drainage system for the store. (*Id*. ¶ 17). The construction of the store created various noises and vibrations that affected plaintiffs'

---

[1]Reference to a document number, ("Doc. ____"), refers to the number assigned to each document as it is filed in the court's record.

property. (*Id*. ¶¶ 13-15). The moat/drainage system also caused continuous water drainage onto property owned by Smith and lawfully occupied by Coleman, property owned by Wheeler, and property lawfully occupied by Danner. (*Id*. ¶¶ 1-4; 18-21).

The plaintiffs filed suit against defendants on December 23, 2013. The Complaint sets forth claims for trespass, nuisance, negligence/wantonness, and combined and concurring negligence/wantonness. (*Id*. ¶¶ 31-55). As a result of these actions, plaintiffs seek compensatory damages for interference with the use and enjoyment of plaintiffs' property, "personal injury, mental and emotional anguish, suffering and distress, anxiety, and for such future damages as are appropriate;" punitive damages; exemplary/enhanced damages; and additional further relief. (*Id*. p. 14).

Foresite removed this action on January 29, 2014, alleging diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1).[2] Although the Complaint contains no *ad damnum* clause, the Notice of Removal asserts that the amount in controversy exceeds the jurisdictional threshold of $75,000. (*Id*. ¶¶ 15-26.) Plaintiff filed the instant Motion to Remand and Brief in Support contending that defendants have not sufficiently established that the amount in controversy exceeds $75,000. (Doc. 5). This matter has been fully briefed and is ripe for adjudication.

## II. Discussion

Pursuant to 28 U.SC. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the

---

[2] Family Dollar consented to removal on January 23, 2014. (Doc. 1-5, p. 3). As of the notice of removal, MetroGroup had not been served with a copy of the summons and complaint. (Doc. 1, ¶ 12).

place where such action is pending." Accordingly, "when an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims." *Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999) (citing *Cabalceta v. Standard Fruit Co.,* 883 F.2d 1553, 1556–57 (11th Cir. 1989)).

28 U.S.C. § 1446(b) makes removal proper in two instances. In the first instance, which is delineated in section 1446(b)(1) (formerly referred to as "first paragraph removal"), removal is based upon the plaintiff's initial pleading.[3] Under section 1446(b)(1), the notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Cases may also be removed under section 1446(b)(3) (formerly referred to as "second paragraph removal"). A case not initially removable under section 1446(b)(1) may be removed under section 1446(b)(3) if the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." In the present case, defendants rely on the plaintiffs' initial pleading and have removed the action under section 1446(b)(1).

In its notice of removal, Foresite argues that this court has subject matter jurisdiction under 28 U.S.C. § 1332. Pursuant to 28 U.S.C. § 1332, a federal district court may hear a civil action that

---

[3] Prior to the Federal Courts Jurisdiction and Venue Clarification Act of 2011, PL 112–63, 125 Stat. 758, section 1446(b) did not contain subsections distinguishing between what is now section 1446(b)(1) removal and section 1446(b)(3) removal. What is now section 1446(b)(1) was found in the "first paragraph" of the former section 1446(b), and section 1446(b)(3) was found in the "second paragraph." Despite the stylistic changes to the statute, the substance of removal procedure remains unchanged; therefore, the case law discussing "first paragraph" and "second paragraph" removal standards is applicable here.

3

is between citizens of different states and where the matter in controversy exceeds $75,000, exclusive of interest and costs. *See Wachovia Bank v. Schmidt,* 546 U.S. 303, 306 (2006). The parties do not dispute that plaintiffs and defendants are citizens of different states. (Doc. 1, ¶ 13). Rather, plaintiffs contend that defendants have failed to establish that the amount in controversy exceeds $75,000.

"Where, as here, plaintiff[s] ha[ve] not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Although the removing defendants may, and sometimes must, submit evidence demonstrating the propriety of removal, *see, e.g., Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744 (11th Cir. 2010), in some cases, "it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when 'the complaint does not claim a specific amount of damages.'" *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting *Pretka,* 608 F.3d at 754).

*A. Face of the Complaint*

In *Roe* the Eleventh Circuit summarized how district courts assess the face of the Complaint:

If a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden. . . .

Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. *See* [*Pretka,* 608 F.3d at 754]. Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." *See id .* at 770 (quoting *Roe v. Michelin N. Am., Inc.,* 637 F. Supp.2d 995, 999 (M.D.Ala. 2009)); *see also Williams [v. Best Buy Co.],* 269 F.3d [1316,] 1319 (11th Cir. 2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). Instead,

>courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

613 F.3d at 1061–62.  Accordingly, the applicable standard of review is whether it is "facially apparent" from the complaint that the amount in controversy more likely than not exceeds the jurisdictional minimum, and district courts may employ their "judicial experience and common sense" in making this determination.

Applying "judicial experience and common sense," the court finds that the Complaint's factual allegations, claims asserted, and damages requested satisfies defendants' burden.  Plaintiffs allege they were harmed by defendant-created noises and vibrations for three months of construction.  (Doc. 1-1, ¶¶ 13-15).  Additionally, the Complaint claims that defendants "continuously allowed" water drainage to damage plaintiffs' property.[4]  (Doc. 1-1, ¶ 21).  The Complaint alleges defendants acted "consciously, deliberately and/or with a reckless or conscious disregard of [p]laintiffs' possessory and ownership rights." (Doc. 1-1, ¶ 39).  Furthermore, their trespass was "wanton and/or willful, with malice, insult, contumely, and was reckless, insulting, oppressive, aggravated and/or done with gross negligence."[5]  (*Id*. ¶ 40); (*id*. ¶ 45).  These actions

---

[4] Plaintiffs allege they have endured water runoff "since the drainage system was developed." (Doc. 1-1, ¶ 20).  The drainage system was developed during construction, which ran from February 2012 until May/June 2012.  (*Id*. ¶¶ 16, 11, 12).  The Complaint was filed on December 23, 2013 at which time defendants were allegedly still causing water drainage.  (*Id*. at 23).

[5] These allegations closely mirror the requirements for an award of mental anguish and punitive damages.  *See Seale v. Pearson*, 736 So. 2d 1108, 1113 (Ala. Civ. App. 1999) ("[T]o recover punitive damages in a private-nuisance case, [plaintiff] had to show that the [nuisances] were 'wanton, malicious, or attended by circumstances of aggravation.'") (*citing Rice v. Merritt*, 549 So.2d at 511); *Jefferies v. Bush*, 608 So.2d 361, 363 (Ala. 1992) ("Unless the trespass is attended with words or acts of insult or contumely, damages for mental anguish are not recoverable.").

interfered with the plaintiffs' use and enjoyment of their properties; damaged and devalued their properties; adversely affected their quality of life; exposed them to an unhealthy environment; and caused them "mental anguish, pain and suffering[ and] anxiety of health." (*Id.*, ¶¶ 14-15, 25-27, 41, 45, 47, 53, 55). The Complaint seeks to recover compensatory damages, punitive and mental anguish damages, and further non-monetary relief for these injuries.

Plaintiffs acknowledge the court's "right to make reasonable deductions and inferences" from a Complaint's allegations; however, they argue that "in this case with four plaintiffs and separate and distinct claims for each plaintiff, such deductions and inferences cannot be made." (Doc. 10, pp. 3-4). The court disagrees. Plaintiffs correctly note that claims by multiple plaintiffs normally cannot be aggregated to reach the jurisdictional threshold. *Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1280 (11th Cir. 2001) ("Generally, if no single plaintiff can satisfy the jurisdictional amount, then there is no diversity jurisdiction."); *see also Snyder v. Harris*, 394 U.S. 332, 333 (1969). However, if one plaintiff's claims[6] meet the jurisdictional minimum, the court will have diversity jurisdiction over his claims and may exercise supplemental jurisdiction over claims from additional, diverse plaintiffs. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 559 (2005); 28 U.S.C. § 1367(a).

---

[6] It is well-established that multiple claims from a single plaintiff are aggregated for jurisdictional purposes. *E.g., Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 585 (2005) ("This Court has long held that, in determining whether the amount-in-controversy requirement has been satisfied, a single plaintiff may aggregate two or more claims against a single defendant, even if the claims are unrelated.") (Ginsburg, J., dissenting).

Plaintiffs, however, contend that any consideration of the claims individually is "impermissible speculation," rather than the reasonable deduction allowed by *Pretka* and *Roe*.[7] *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1220 (11th Cir. 2007). The court notes, however, that *Lowery* is not controlling precedent under section 1446(b)(1) removal. *See Pretka*, 608 F.3d at 747 ("While some of the language of [*Lowery*] sweeps more broadly, it is dicta insofar as a § 1446(b) first paragraph case, like this one, is concerned."); *Roe*, 613 F.3d at 1061 n. 3 ("Plaintiff's arguments are grounded primarily in misapplied dicta from *Lowery*.").

The presence of multiple plaintiffs does not preclude this court from logically inferring that plaintiffs' individual claims place more than $75,000 in controversy. As discussed, plaintiffs' allegations and requested relief demonstrate that their individual claims likely exceed $75,000. The court need not analyze each plaintiff's claims or each of their individual claims specifically. *See Pretka*, 608 F.3d at 754 ("The law does not demand perfect knowledge."); *see also Roe v. Michelin N. Am., Inc.*, 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009) ("While it would be speculative to specify the exact dollar amount at issue in this case, it is not speculative to conclude from the egregious conduct alleged that the amount, whatever it is, far exceeds $75,000.") *aff'd*, 613 F.3d 1058 (11th Cir. 2010). Instead, the court uses its "judicial experience and common sense" to determine that, based on the allegations, it is more likely than not that the plaintiffs' individual claims place more than $75,000 in controversy.

Plaintiffs also argue that the Complaint does not contain enough factual allegations for the court to consider the punitive damages. (Doc. 10, p. 5). In assessing the amount in controversy, district courts must consider punitive damages "unless it is apparent to a legal certainty that such

---

[7] In making this argument, plaintiffs appear to erroneously suggest that the jurisdictional threshold must be met by *each* plaintiff. (Doc. 10, p. 3).

cannot be recovered." *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (citations omitted). District courts have cautioned that courts are "not free simply to assume . . . that [plaintiffs] are likely to be awarded substantial punitive damages." *SUA Ins. Co. v. Classic Home Builders, LLC*, 751 F. Supp. 2d 1245, 1255 (S.D. Ala. 2010). In fact, some courts have required evidence relating to the value of the punitive damages. *See Shiver v. Trudel,* 3:11-CV-917-WKW, 2012 WL 1366737, at *3 (M.D. Ala. Apr. 19, 2012) ("Because the Complaint is inconclusive on damages, the absence of evidence pertaining to the value of the punitive damages claim precludes [d]efendants from satisfying their removal burden."). The *Shiver* court reasoned that "there [wa]s no factual detail … [on] the nature, severity and degree of permanence of the alleged injuries" or the conduct justifying punitive damages. *Id*. Instead, the allegations supporting punitive damages were "boilerplate" language and "legal conclusions." *Id*.

This court does not simply assume that plaintiffs are likely to be awarded punitive damages; rather, it arrives at that conclusion by examining plaintiffs' "allegations in light of the particular causes of action." *Roe*, 613 F.3d at 1065. Furthermore, the court is not persuaded that defendants must produce evidence to support the plaintiffs' allegations. As the *Roe* court stated:

> Sometimes, when *a plaintiff's allegations* are viewed in light of the award factors, it will be clear that *the jurisdictional minimum is likely met*. In such circumstances, preventing a district judge from acknowledging the value of the claim, merely because it is unspecified by the plaintiff, would force the court to abdicate its statutory right to hear the case. This rule would reward plaintiffs for employing the kinds of manipulative devices against which the Supreme Court has admonished us to be vigilant.

613 F.3d at 1064 (emphasis added); *see also id*. at 1061–62 ("Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' *from the pleadings* to determine whether it is facially apparent that a case is removable.") (emphasis added) (quoting *Pretka,* 608 F.3d at 754).

As this court has previously held, it "will not permit plaintiff[s] to disclaim the seriousness of defendants' alleged misconduct and the extent of monetary relief sought in an attempt to avoid federal jurisdiction." *Robinson v. Affirmative Ins. Holdings, Inc.*, 2:12-CV-2159-SLB, 2013 WL 838285, at *4 (N.D. Ala. Mar. 1, 2013). Plaintiffs have alleged defendants intentionally, aggressively, maliciously and wantonly trespassed on and flooded their properties for over a year and a half. If plaintiffs prove such conduct, "judicial experience and common sense" tell the court that a reasonable jury would likely award significant punitive damages.

### B. Additional Evidence

Some additional evidence provided by defendants in the response to the motion to remand further supports a finding that that the amount in controversy exceeds $75,000.[8] Defendants point to the plaintiffs' refusal to stipulate or admit that they do not seek damages above $75,000. (Docs. 9-2, 9-3). A refusal to stipulate, standing alone, cannot satisfy defendants' "burden of proof on the jurisdictional issue." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1320 (11th Cir. 2001). Neither can a denial that plaintiffs will not seek more than $75,000. *See Griffith v. Wal-Mart Stores E., L.P.*, 884 F. Supp. 2d 1218, 1228 (N.D. Ala. 2012) ("[Defendants] cannot prove the positive by eliciting denial of the negative.") (citations and quotations omitted). However, plaintiffs' refusal to stipulate or admit that they do not seek above $75,000 does provide additional support for defendants' argument. *See Jones v. Novartis Pharm. Co.*, 952 F. Supp. 2d 1277, 1287 (N.D. Ala. 2013) ("The

---

[8] "While it is undoubtedly best to include all relevant evidence in the petition for removal and motion to remand, there is no good reason to keep a district court from eliciting or reviewing evidence outside the removal petition." *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

court … considers such refusal[s] in reaching its decision to deny remand.") (citing *Devore v. Howmedica Osteonics Corp.,* 658 F. Supp. 2d 1372, 1380 (M.D. Fla. 2009)).

Defendants also present evidence that does not bolster their argument – the declarations of Alabama attorney, and counsel for Foresite, Ethan R. Dettling and of Erik Johnston, P.E. Mr. Dettling opined that "each Plaintiff most likely seeks damages in excess of $75,000." (Doc. 9-1, p. 3). Mr. Dettling lists six cases "which involved either allegations of flooding or trespass" to support this opinion.[9] (*Id.*). Mr. Dettling's opinion is not surprising, considering he removed the case on behalf of defendants. (Doc. 1). Declarations made by counsel for the removing party are likely not what the Eleventh Circuit had in mind when it found declarations were "evidence that may be used to satisfy the preponderance of the evidence standard." *Pretka*, 608 F.3d at 755. Furthermore, Defendants' counsel's opinions on the legal issues are better-suited for their Notice of Removal and brief submissions to the court.

Mr. Johnston's declaration is equally unhelpful. Mr. Johnston opines that "each plaintiff's claim for non-monetary relief is $107,500." (Doc. 9-4 ¶ 7). He bases this conclusion on the cost to defendants "for remediation of the Family Dollar store." (*Id*. ¶ 4). However, for jurisdictional purposes, non-monetary relief is measured in the benefit received by the plaintiffs, not the cost to the defendants. *See Cohen v. Office Depot, Inc.,* 204 F.3d 1069, 1077 (11th Cir. 2000) ("When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the

---

[9]As the plaintiffs note, "[j]ust as easily …, the Plaintiff can provide other cases in which a verdict did not exceed the jurisdictional amount in controversy." (Doc. 10, p. 9). Regardless, the court is not persuaded by either parties' reference to prior jury verdicts. *See Mapp v. Am. Gen. Assur. Co.*, 589 F. Supp. 2d 1257, 1265 (M.D. Ala. 2008) ("It is questionable 'whether such general evidence is ever of much use in establishing the value of claims in any one particular case.'") (quoting *Lowery,* 483 F.3d at 122).

monetary value of the object of the litigation from the plaintiff's perspective."). Mr. Johnston's declaration does not provide any evidence on the monetary value of the proposed remediation of the store "from the plaintiff[s'] perspective." *Id*.

### III. Conclusion

For the foregoing reasons, the court concludes that the face of the Complaint sufficiently demonstrates that the amount in controversy satisfies the requirements for diversity jurisdiction under section 1332(a). This finding is strengthened by plaintiffs' refusal to stipulate or admit to the contrary. Plaintiff's Motion to Remand, (doc. 5), is therefore due to be denied. An Order denying plaintiff's Motion to Remand will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 25th day of September, 2014.

*/s/ Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE