UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| MARK SMITH, LEE COLEMAN, ERIC WHEELER, and WILLIE DANNER,  )<br>)<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>FAMILY DOLLAR STORES, INC., )<br>METROGROUP DEVELOPMENT, and )<br>FORESITE GROUP, INC.,  )<br>)<br>Defendants.  ) | CASE NO. 7:14-cv-161-SLB |

## MEMORANDUM OPINION

This case is presently pending before the court on defendant MetroGroup Development II, LLC's Motion to Dismiss. (Doc. 28.)[1] Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendant's Motion to Dismiss, (Doc. 28), is due to be denied.

## MOTION TO DISMISS STANDARD

Defendant MetroGroup Development II, LLC has moved to dismiss plaintiffs' Complaint for failure to state a claim upon which relief may be granted. (Doc. 28 at 1.) The purpose of such motions, authorized by Rule 12(b)(6) of the Federal Rules of Civil Procedure, is to test the facial sufficiency of the plaintiff's statement of his claims for relief. *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1367 (11th Cir. 1997).

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

Rule 12(b)(6) must be read together with Rule 8(a)(2), which "requires that a pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010) (internal citations and quotation marks omitted).

To survive a 12(b)(6) motion, Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations and quotation marks omitted). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations and footnote omitted). The plaintiff need not prove his case but must plead "enough facts to state a claim to relief that is *plausible* on its face." *Id.* at 570 (emphasis added).

Additionally, "[w]hen considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty., Ga.*, 999 F.2d 1508, 1510 (11th Cir.

1993)). Further, all "reasonable inferences" are drawn in favor of the plaintiff. *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). However, while the court must accept all factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (citation omitted).

## FACTUAL BACKGROUND

As set forth in the court's Memorandum Opinion addressing plaintiffs' Motion to Remand, the facts of this case are as follows:

> Plaintiffs filed this action against defendants Family Dollar Stores, Inc., ("Family Dollar"), MetroGroup Development ("MetroGroup"), and Foresite Group, Inc. ("Foresite") (collectively "defendants") in the Circuit Court for Sumter County, Alabama. In February 2012, defendants began construction of a Family Dollar store in Sumter County. (Doc. 1-1, ¶ 11.) During construction defendants developed and implemented a moat as a drainage system for the store. (*Id*. ¶ 17.) The construction of the store created various noises and vibrations that affected plaintiffs' property. (*Id*. ¶¶ 13-15.) The moat/drainage system also caused continuous water drainage onto property owned by Smith and lawfully occupied by Coleman, property owned by Wheeler, and property lawfully occupied by Danner. (*Id*. ¶¶ 1-4, 18-21.)
>
> The plaintiffs filed suit against defendants on December 23, 2013. The Complaint sets forth claims for trespass, nuisance, negligence/wantonness, and combined and concurring negligence/wantonness. (*Id*. ¶¶ 31-55.) As a result of these actions, plaintiffs seek compensatory damages for interference with the use and enjoyment of plaintiffs' property, "personal injury, mental and emotional anguish, suffering and distress, anxiety, and for such future damages as are appropriate;" punitive damages; exemplary/enhanced damages; and additional further relief. (*Id*. at 14.)
>
> Foresite removed this action on January 29, 2014, alleging diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1.)

(Doc. 14 at 1-2.)

**DISCUSSION**

Plaintiffs assert in their Complaint that MetroGroup, along with the other defendants, began construction of the Family Dollar store, made the decision to build a moat around the store, implemented the moat as a drainage system, and caused and allowed water to drain from the Family Dollar property onto plaintiffs' properties with knowledge of the effect on plaintiffs' properties. (Doc. 1-1 ¶¶ 11, 16-17, 21-22.) To survive defendant's Motion to Dismiss, plaintiffs' Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In it Motion to Dismiss, defendant argues that plaintiffs' claims asserted against it should be dismissed because "MetroGroup Development II, LLC has never owned, developed, or constructed improvements on the real property that is the subject of this action." (Doc. 28 ¶ 4.) While defendant entered into contracts to purchase and develop 700 4th Avenue, York, Alabama, the real property at issue in this case, it "assigned those contracts to another entity before purchasing or developing the property and before any improvements to the property were ever made." (*Id.* ¶ 5.) Defendant further asserts that the "ownership of the property and building permits were not in the name of Metro Group Development II, LLC, and were a matter of public record before construction began." (Doc. 34 ¶ 3.)

First, if defendant believes that plaintiffs sued the wrong party, defendant must produce evidence of the assignment. Defendant has not attached any contract or other document showing an assignment of its contract rights to purchase and develop 700 4th Avenue in York, Alabama to another entity. Therefore, because "[s]tatements by counsel in briefs are not evidence," the court has no evidence of the alleged assignment. *Travaglio v. American Exp. Co.*, 735 F.3d 1266, 1270 (11th Cir. 2013) (quoting *Skyline Corp. v. N.L.R.B.*, 613 F.2d 1328 (5th Cir. 1980)) (internal quotations omitted).

Even if defendant had produced evidence of the assignment, defendant has not provided any evidence or stated any facts explaining its relationship with the unnamed entity to whom defendant assigned its contracts. Depending on the relationship between defendant and the assignee entity, and whether defendant retained any control over the purchase and development of the property, defendant may ultimately be liable to plaintiffs for any damage caused by the assignee through, for example, vicarious liability or an alter ego theory. *See Lifestar Response of Ala., Inc. v. Admiral Ins. Co.*, 17 So. 3d 200 (Ala. 2009) ("The test for determining whether a person is an agent or employee of another, rather than an independent contractor, is whether that other person has reserved the right of control over the means and method by which the person's work will be performed, whether or not the right of control is actually exercised. *Alabama Power Co. v. Beam*, 472 So. 2d 619 (Ala.1985). Vicarious liability arises from the right of supervision and control over the manner of the alleged agent's performance. *Kennedy v. Western Sizzlin Corp.*, 857 So. 2d 71 (Ala.2003).

Generally, one is liable for the actions of an agent but is not liable for the actions of an independent contractor. *Gonzalez, LLC v. DiVincenti*, 844 So. 2d 1196 (Ala.2002)."); *M.B. Barge Co., Inc. v. Kudzu Marine, Inc.*, No. 12-0686-WS-N, 2014 WL 4979139, at *3 (S.D. Ala. Oct. 6, 2014) (Under Alabama law, "liability under an alter ego theory requires: [(1)] 'complete control' by the defendant over the subservient corporation; (2) 'misuse' of that control; and (3) harm or loss proximately caused by the misused control.") (quoting *Messick v. Moring*, 514 So. 2d 892, 894-95 (Ala. 1987)).

Further, even if defendant had produced evidence of the assignment and its relationship with the assignee, this evidence would properly be the subject of a Rule 56 motion, not a Rule 12(b)(6) motion. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336-37 (11th Cir. 2012) ("At the pleading stage of litigation, we ask only if plaintiffs have adequately stated a claim for which relief can be granted. Carnival's argument . . . is more appropriate after discovery at the summary judgment stage or at trial.").

## CONCLUSION

Based on the foregoing, the court finds that defendant MetroGroup Development II, LLC's Motion to Dismiss, (Doc. 28), is due to be denied. An order in accordance will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 27th day of April, 2015.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE